# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CF0561-24** |
| | ) | GPD REPORT NO. 24-18093 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| **ELENA L. ARANA,** | ) | DECISION AND ORDER |
| aka Elena L. Mitchell, | ) | RE. DEFENDANT'S MOTION TO |
| DOB: 08/28/1987 | ) | DISMISS WITH PREJUDICE |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon upon Defendant Elena L. Arana's ("Defendant" or "Defendant Arana") Motion to Dismiss with Prejudice (the "Motion"). Representing the Defendant is Assistant Public Defender Zachary C. Taimanglo. Representing the People of Guam ("the People") is Assistant Attorney General Valerie A. Nuesa.[1] The Court took the Motion under advisement pursuant to CR 1.1(g)(4)(B) and CVR 7.1(e)(6)(E) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM on November 18, 2024.[2]

After having received and reviewed the papers and the file herein, the Court issues the following Decision and Order **DENYING** Defendant's Motion to Dismiss with Prejudice.

---

[1] AAG Nuesa was present at the Pre-Trial Conference where the People made their oral motion to dismiss. Assistant Attorney General Christine S. Tenorio filed the People's Submission Re. Dismissal Without Prejudice on behalf of the People on October 31, 2024.
[2] *See* CR 1.1 Form 3 (filed Nov. 25, 2024; ordered Nov. 18, 2024).

# PROCEDURAL AND FACTUAL BACKGROUND

**A. The Indictment and the alleged events of this matter**

This matter began on August 16, 2024, upon the grand jury returning an Indictment against the Defendant, wherein the Defendant was charged with the offense of Theft of Property (As a Second Degree Felony). The events as charged in the Indictment stem from alleged events that occurred on August 5, 2024. On the evening of August 4, 2024, Chandler Smith met a dancer named "Entice" at Club Foxy. *Decl. of Prob. Cause* (Aug. 8, 2024). "Entice" would later be identified as Defendant Arana. *Id.* The Defendant and Smith agreed to meet at Smith's hotel after her work hours. *Id.* Smith and other crew members arrived at the Bay View Hotel on August 5, 2024, 2:00 AM, and the Defendant arrived at the same location at 3:00 AM. *Id.* Smith told police that despite being intoxicated and difficulty remembering details, he recalls the other crew members leaving his room when the Defendant arrived. *Id.* The stolen items included three pairs of Jordan-brand sneakers, an iPhone, and a diamond necklace chain, which totals two thousand nine hundred dollars ($2,900.00) in value. *Id.* Smith positively identified the Defendant after viewing security footage of the hotel hallways revealing a woman walking with a bag matching Smith's description of a bag containing the items stolen. *Id.*

On August 6, 2024, 8:38 PM, officers located the Defendant at her residence where she agreed to be interviewed about the complaint. *Id.* The Defendant confirmed meeting with Smith at Club Foxy and later at his hotel in the early morning of August 5, 2024. *Id.* The Defendant admitted to having the allegedly stolen items but said that she later disposed of the items in a dumpster at Wendy's. *Id.* The Defendant was arrested on August 7, 2024, 2:53 AM. *Id.*

**B. Procedural history**

Defendant Arana asserted her right to speedy trial at her arraignment on September 4, 2024. Since the Defendant was not in custody at the time of her assertion, the speedy trial clock ended on November 3, 2024.[3] Jury Selection and Trial was scheduled for October 18, 2024, 9:00 AM. *See Criminal Trial Scheduling Order [Asserted]* (Sep. 6, 2024). At the first Pre-Trial Conference on October 1, 2024, defense counsel indicated that the matter was ready to proceed to trial and requested to commence trial as soon as possible. *See Min. Entry* (Oct. 1, 2024). Defense counsel also indicated that he would be unavailable on October 18, 2024, as he had off-island plans and would return on island on September 22, 2024. *Id.* In consideration of defense counsel's availability and the Court's scheduling, the Court scheduled Jury Selection and Trial for October 28, 2024, 9:00 AM, in preservation of the Defendant's speedy trial rights. *See Amended Criminal Trial Scheduling Order [Asserted]* (Oct. 1, 2024).

Thereafter, the Court held a second Pre-Trial Conference on October 17, 2024. At this Pre-Trial Conference, the People made their oral motion to dismiss due to victim unavailability. *See Minute Entry* (Oct. 17, 2024). Defense counsel made an oral motion to dismiss with prejudice, stating that the Office of the Attorney General held this case for a long duration and the victim shortly left the island after reporting the allegations. *Id.* The Court summarily dismissed the matter but held the issue of dismissal with or without prejudice in abeyance – as such, the Court ordered the parties to submit their briefings on the issue. *Id.*; *see also Briefing Scheduling Order* (Oct. 28, 2024). The People and the Defendant contemporaneously submitted their briefings on October 31, 2024.

---

[3] Pursuant to 8 GCA § 80.60(a)(2): "(a) Except as otherwise provided in Subsection (b), the court shall dismiss a criminal action if: (3) The trial of a defendant, who is not in custody at the time of his arraignment, has not commenced within sixty (60) days after his arraignment."

**C. Arguments set forth in the pleadings**

Defendant Arana argues that dismissal with prejudice is warranted "due to non-compliance with the discovery requests as well as the Office of the Attorney General's knowledge that the alleged victim would not be on-island." *Deft's Brief* at 2. Further, "the Office of the Attorney cannot prevail at trial and this is [sic] dismissal is an end-run around the speedy trial clock. Holding this matter open to refile for some undetermined amount of time, affecting Ms. Arana's employability is not justice." *Id.* at 4. In support of this argument, the Defendant proffers the following:

1. When the Defendant was charged, she filed a police report against the Victim. *Id.* at 3. She was detained while the Victim left the island. *Id.*

2. Discovery in this matter reveals that the Victim was allegedly drunk at the time he reported the incident. *Id.* He reported that the Defendant and two unidentified males in ski masks robbed the Victim while physically assaulting him in his hotel room. *Id.*

3. Video surveillance contradicts the Victim's account in that two males were not seen entering his room. *Id.*

4. The Victim led police officers to a different room where the alleged attackers were staying. *Id.* When asked how the Victim knew he was attacked from behind, an accompanying sailor, Paul Steven Banner, presumable intoxicated, "responded that he was shown a picture while in the lobby. *Id.* When asked who showed Banner the picture, he did not respond. *Id.*

5. When officers entered the room pointed out by the Victim, the occupants, a male and a female, denied knowing the Victim. *Id.* at 4. A search of the room did not produce the stolen items. *Id.* Officers did not find injuries on the male occupant. *Id.* at 4.

6. The Victim has a Mississippi driver's license and is onboard the USS Abraham Lincoln. *Id.*

7. The last time the Victim interviewed police, August 5, 2024, was presumably the last time the Victim was on-island. *Id.* "The Office of the Attorney General knew or should have known he would not be available for trial." *Id.*

The People contend that dismissal without prejudice is warranted. There were no discovery violations because "the People were not, and are still not, in possession of the requested police report. Because the police report and any events in it were not referenced as part of the of the police investigation in this case, the police report does not fall within the scope of 8 GCA § 70.10." *Ppl.'s Brief* at 4. The Defendant has failed to make a showing that *Brady*[4] violations, such as that the requested police report contained *Brady* information and that the information contained was material to Defendant's defense. *Id.* In addition, the Defendant did not file a motion to compel discovery. *Id.*

The People further argue that there was no bad faith on the part of the People for moving to dismiss this case eleven (11) days before trial because of the unavailability of the Victim. *Id.* at 4-5. The Victim in this matter is a Navy servicemember, and "the People would not deny justice to a military servicemember on the basis that the Defendant may assert their right to speedy trial." *Id.* at 5. The People could not anticipate when trial may commence for the Defendant, and it was not until October 17, 2024, when the victim advocates confirmed the Victim's absence. *Id.* Based on this information, the People could not move forward with trial on October 28, 2024, when trial was scheduled. *Id.* "This is not a case wherein the People have repeatedly indicted the same

---

[4] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

person after being unable to meet the speedy trial clock. This is a case where the People indicted a woman for confessing to taking another person's items and permanently depriving him thereof." *Id.*

## DISCUSSION

Guam law provides the procedure upon which a prosecutor may move for case dismissal. 8 GCA § 80.70(a) reads as follows:

> (a) The prosecuting attorney may with leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant. The prosecuting attorney shall file a statement of his reasons for seeking dismissal when he applies for leave to file a dismissal and where leave is granted the court's order shall set forth the reasons for granting such leave.

8 GCA § 80.70(a).

Guam statute does not directly provide for dismissals with prejudice. The Guam Supreme Court, in examining a motion to dismiss under § 80.70(a), has stated that "the prosecutor is recognized as having a presumption of good faith in bringing the motion . . . and the motion should generally be granted as a matter of course." *People v. Gutierrez*, 2005 Guam 19 ¶¶ 51-52. However, this presumption is not absolute and "is rebutted upon a showing of a lack of good faith." *Id.* ¶ 53 (quoting *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982). Even were the presumption overcome by a showing of bad faith, "section 80.70(a) does not authorize trial courts to *sua sponte* dismiss indictments with prejudice." *Id.* ¶ 69. "[T]he [only] options available to a court upon a finding of bad faith by the prosecution in bringing a Title 8 GCA § 80.70(a) motion are to either grant or deny the motion [to dismiss without prejudice]." *Id.* ¶¶ 74-75.

The Court's analysis of whether to grant dismissal with or without prejudice begins with the reasons for the dismissal as provided by 8 GCA § 80.70(a). § 80.70(a) permits prosecutors to move for dismissal but must provide reasoning to do so. On October 17, 2024, at the Pre-Trial

Conference, the People moved this Court to dismiss this case through oral motion based on information by the victim advocates that the Victim was unavailable for trial. *See Min. Entry* (Oct. 17, 2024). Pursuant to *Gutierrez*, the Court granted the dismissal "as a matter of course" based on a good-faith presumption. *Gutierrez*, ¶¶51-52.

Upon Defendant Arana's motion to dismiss this matter with prejudice, the burden shifts to the Defendant to rebut that good-faith presumption. *Id.* ¶ 53. Defendant Arana argues that dismissal with prejudice is warranted because the People knew of the Victim's absence. *See Deft.'s Brief* at 2. In a finding of bad faith, courts must find that the dismissal "was not within the public interest." *Gutierrez*, ¶ 54. Here, the Court finds that the Defendant has failed to meet this burden. The People moved this Court to dismiss based on victim unavailability – the Court finds that such a request is not outside the interests of the public, especially considering the Victim's status as a military servicemember on orders to depart Guam. The Court finds that it is within the public interest for victims serving in the military an opportunity, subject to orders beyond their control, for resolution in the criminal court system, and this Court finds no good cause to deny such an opportunity. Further, the People have the burden of proof to prove Defendant Arana's guilt beyond a reasonable doubt, and the prosecution has discretion whether that burden can be met as prescribed in 8 GCA § 90.21(a).[5] Therefore, the Court finds a good-faith basis for the People's motion to dismiss this matter without prejudice.

Additionally, the Court notes that any delay of trial was not the fault of either party. As indicated at the October 1, 2024 Pre-Trial Conference, rescheduling of trial was necessary due to scheduling conflicts, and the People made no indication of any reason for delay. *See Min. Entry*

---

[5] 8 GCA § 90.21(a). No person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt.

(Oct. 1, 2024). The Court also notes that the rescheduling of trial dates did not disrupt nor impede Defendant's speedy trial rights, as her statutory final day for trial of November 3, 2024, was still preserved.[6] Therefore, the Court finds that the Defendant was not prejudiced by the rescheduling of trial dates in this matter.

Finally, the Defendant may file a Motion to Expunge Record after the statute of limitations in which the Government has to bring this matter to trial has elapsed without prosecution.[7][8]

## CONCLUSION

For the above reasons, the Defendant's Motion to Dismiss with Prejudice is **DENIED**. The Court **AFFIRMS** its Order of Dismissal Without Prejudice issued on October 17, 2024. The Court shall issue its Order for Closure on separate cover in conformity with this Decision and Order.

**SO ORDERED** this 17th day of February, 2025.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
Copy of the original was e-mailed to
*AG, PDSC*

Date 2/17/25 Time 1:54pm
Albert Calder

Deputy clerk, Superior Court of Guam

---

[6] *See* 8 GCA § 80.60(a)(3).
[7] *See People v. Lau*, 2007 Guam 4 ¶ 6 ("In the future, when a party requests expungement pursuant to 8 GCA § 11.10, he or she should do so in a separate civil case. The expungement proceeding will be a civil matter governed by civil rules, and an appeal of right will be available from a final civil judgment by the Superior Court under 7 GCA 3108(a)."); *see also People v. Ho*, 2009 Guam 18 ¶ 32 (Pursuant to the *Lau* opinion, expungement must be brought as a separate civil action.).
[8] *See* 8 GCA § 11.10(a) ("The official records of the Court, the Attorney General, and the police reports in connection therewith dealing with a violation or attempted violation by an adult of territorial law. . .*shall* be expunged. . .when the prosecuting attorney decides *not* to prosecute the offense, when the time for commencing the criminal action as prescribed by Chapter 10 of this title has passed. . .") (emphasis in original).